UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIC LEWIS,                            :
                                       :
    Plaintiff,                     :    Civil Action No.:    10-0605 (RMU)
                                       :
    v.                             :    Re Document Nos.:    17, 21
                                       :
U.S. PAROLE COMMISSION *et al.*,       :
                                       :
    Defendants.                    :

## MEMORANDUM OPINION

GRANTING THE DEFENDANTS' MOTION TO DISMISS;
DENYING THE PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT

### I. INTRODUCTION

The *pro se* plaintiff, a prisoner currently incarcerated in a federal penitentiary, alleges that the United States Parole Commission ("USPC"), the Federal Bureau of Prisons ("BOP"), the Superior Court of the District of Columbia ("Superior Court"), the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA") and the Federal Bureau of Investigation ("FBI") (collectively, "the defendants") are "maintain[ing] incorrect information in [his] inmate files" in violation of 42 U.S.C. § 1983 and the Privacy Act, 5 U.S.C. § 552a. The plaintiff argues that the defendants' failure to accurately maintain his records has resulted in the USPC unfairly denying him parole. The matter is now before the court upon the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and, in the alternative, Rule 12(b)(6). Because the plaintiff was required to bring his Privacy Act claim through a habeas corpus petition, and because the Privacy Act provides the proper vehicle for the plaintiff's constitutional claims, the court grants the defendants' motion to dismiss for failure to state a claim.

## II. FACTUAL & PROCEDURAL BACKGROUND

The *pro se* plaintiff, a federal prisoner incarcerated at the Federal Correctional Institute in Petersburg, Virginia,[1] is serving a twenty-one year sentence after being convicted in the Superior Court of the District of Columbia of robbery and possession of a firearm during a crime of violence. Compl., Ex. J.1; Def.'s Mot. at 1. At the time that the plaintiff committed this robbery, he was on parole for two separate bank robbery convictions, one arising in the Eastern District of Virginia and the other in the District of Maryland. Compl., Ex. J.1, L.1; *see also Lewis v. Stansberry*, 2009 WL 3616077, at *1 (E.D. Va. Oct. 30, 2009) (discussing the plaintiff's criminal history).

Since 2002, USPC has denied the plaintiff parole on multiple occasions. *See generally* Compl. The plaintiff alleges that in deliberating whether to grant him parole, the USPC considered inaccurate information with respect to his criminal history. *See generally* Compl. Although far from a model for clarity, the plaintiff's complaint indicates that USPC considered the following erroneous information: (1) that the plaintiff was convicted in 1980 for carrying a dangerous weapon and subsequently held for 200 days; (2) that the plaintiff was "under [probation's] supervision in 1981" for a heroin possession conviction; (3) that the plaintiff was convicted of robbery and use of a dangerous weapon in 1992 and (4) that the plaintiff had committed six bank robberies. *Id.* at 9-10, 12.

According to the plaintiff, the USPC relied on this information during his 2002, 2005 and 2008 parole hearings, all of which resulted in the plaintiff's denial of parole. *See generally id*. For instance, on March 4, 2005, USPC held a parole hearing and determined that the plaintiff

---

[1] *See* Federal Bureau of Prison's Inmate Locator, http://www.bop.gov/iloc2/LocateInmate.jsp, last visited March 8, 2011.

was "a more serious risk" due to his past violent criminal history, including "six Bank Robberies" and a 1992 armed robbery conviction. *Id.*, Ex. I. Likewise, on February 13, 2008, USPC conducted yet another parole hearing and denied the plaintiff parole because he has "a history of committing violent offenses while under supervision" because the plaintiff had "admitted . . . [that he] had committed six bank robberies."[2] *Id.*, Ex. M.

In April 2010, the plaintiff commenced this action, asserting that "[USPC's] acceptance of and reliance on allegedly inaccurate information contain[ed] in files on him has adversely [a]ffected his ability to be judge[d] fairly at parole hearings in 2002, 2005 and 2008." Pl.'s Opp'n at 3. The plaintiff's complaint alleges that the defendants have deliberately maintained inaccurate files in violation of the Privacy Act and the Constitution, and seeks $10,000,000 in damages. Compl. at 2; Pl.'s Mot. for Leave to File Am. Compl., Ex. 1 ("Proposed Am. Compl.") at 1. The defendants have filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, arguing that the plaintiff must raise his claims in a habeas petition as opposed to the instant action. *See generally* Def.'s Mot. With the motion now ripe for adjudication, the court turns to the parties' arguments and the applicable legal standards.

### III. ANALYSIS

#### A. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which

---

[2] The plaintiff did not attach to his complaint the hearing summary or the decision resulting from USPC's 2002 hearing. *See generally* Compl.

it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-46, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556).

In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Holy Land Found. for Relief & Dev. v. Ashcroft*,

4

333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. Dist. of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### B. The Court Grants the Defendants' Motion to Dismiss

### 1. The Court Grants the Defendants' Motion to Dismiss the Plaintiff's Privacy Act Claims

The defendants argue that through his Privacy Act claims, the plaintiff is essentially challenging the duration of his confinement and, as such, his exclusive remedy is a writ of habeas corpus. Def.'s Mot. at 6-9. The defendants further contend that because a prisoner is required to file a habeas petition in the district court where he is incarcerated, this court does not have jurisdiction. *Id.* at 7.

The plaintiff insists that a habeas action is not appropriate here because he is not seeking a parole rehearing but rather wants the defendants to correct their inaccurate files. Pl.'s Opp'n at 4. The plaintiff asserts that under the Supreme Court's decision in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), a habeas petition is not his exclusive remedy. *Id.* Lastly, the plaintiff maintains that even if this court construes his claim as one for habeas relief, this court would have jurisdiction over such a habeas claim because it is the "district of his conviction." *Id.*

The Privacy Act "requires agencies to ensure that any records used in making any determination about any individual are maintained with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." *Skinner v. U.S. Dep't of Justice & Bureau of Prisons*, 584 F.3d 1093, 1096

(D.C. Cir. 2009) (internal quotations and alterations omitted) (quoting 5 U.S.C. § 552(a)(e)(5)). But "[a] federal prisoner must bring [such a] claim in habeas, if success [on the claim] would have a 'probabilistic' effect on the duration of his custody." *Davis III v. Fed. Bureau of Prisons*, 334 F. App'x 332, 333 (D.C. Cir. 2009) (per curiam) (internal citations omitted); *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 373 (D.C. Cir. 2000) (observing that "habeas is indeed [an] exclusive [remedy] even when a non-habeas claim would have a merely probabilistic impact on the duration of custody"); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (observing that "challenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus"). Thus, a district court that determines that a plaintiff's successful Privacy Act claim "would increase his chances of obtaining a sentence reduction" should either dismiss the claim without prejudice or, alternatively, transfer it to a court that has jurisdiction over the federal prisoner's petition for a writ of habeas corpus. *See Davis III*, 334 F. App'x at 332.

Here, the USPC decisions denying the plaintiff parole specifically referenced some of the allegedly inaccurate information cited by the plaintiff in his complaint. *See* Compl., Exs. I, J.1 & M. Indeed, the plaintiff's whole claim is predicated on the idea that reliance on this information has "adversely affect[ed]" USPC's decisions at his parole hearings, *see* Pl.'s Opp'n at 3, and obtaining a reduction of his imprisonment sentence appears to be the motivation behind the plaintiff's action. *See* Compl. at 13 (requesting that the alleged inaccuracies be corrected before his next parole hearing). Thus, it is "probabilistic" that the plaintiff's claim, if successful, would result in a decreased sentence or a more favorable parole decision; this remains the case notwithstanding that the plaintiff is not requesting a new parole hearing. The plaintiff's Privacy Act claim therefore meets the established "habeas-channeling standard" established by this

Circuit. *Davis III*, 334 F. App'x at 332; *Skinner*, 584 F.3d at 1097-1100; *Razzoli*, 230 F.3d at 375;; *see also Forrester v. U.S. Parole Commission*, 310 F. Supp. 2d 162, 170 (D.D.C. 2004) (dismissing the plaintiff's Privacy Act claim because it was a challenge to the plaintiff's parole determination and had a "probabilistic impact" of his continued confinement).

Contrary to the plaintiff's arguments, the plaintiff's Privacy Act claims fare no better in light of the Supreme Court's decision in *Wilkinson*. In that case, the Supreme Court rejected the application of the "probabilistic standard" for state prisoners' claims. *See Wilkinson*, 544 U.S. at 82. Since *Wilkinson*, however, this Circuit has expressly "affirmed the probabilistic standard for federal prisoners." *Davis III*, 334 F. App'x at 332.

Finally, the court notes that the plaintiff is incorrect in his assertion that this court has personal jurisdiction over his potential habeas claim solely because one of his convictions occurred in the Superior Court of the District of Columbia. "A district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner." *Forrester*, 310 F. Supp. 2d at 171 (quoting *Guerra v. Meese*, 786 F.2d 414, 415 (D.C. Cir. 1986)). In the case of a federal prisoner, a habeas action must be brought in the jurisdiction which has jurisdiction over "the warden of [the prison] facility." *Guerra*, 786 F.2d at 416. Thus, it appears that the Eastern District of Virginia is the only court with jurisdiction to hear the

7

plaintiff's habeas claim.³

Because the plaintiff's Privacy Act claim should have been brought as a petition for writ of habeas corpus, the court determines that the plaintiff has failed to state a cognizable claim and dismisses the plaintiff's Privacy Act claim without prejudice. ⁴

### 2. The Court Grants the Defendants' Motion to Dismiss the Plaintiff's *Bivens* Claims

The plaintiff's complaint, read liberally, attempts to assert a § 1983 claim, or as this court

---

³  The court takes judicial notice that prior to this action, the plaintiff unsuccessfully sought a writ of habeas corpus in both the Eastern District of Virginia and the Northern District of New York. *See generally Lewis v. Stansberry*, 2009 WL 3616077 (E.D. Va. Oct. 30, 2009); *Lewis v. U.S. Parole Comm'n*, 2007 WL 925715 (N.D.N.Y. Mar. 27, 2007). Indeed, as the defendant notes, the plaintiff advanced in those previous petitions many of the same allegations that he asserts here. *See* Def.'s Mot. at 8. In light of the plaintiff's previous attempts to obtain a writ of habeas corpus, the court declines to transfer the plaintiff's case to the Eastern District of Virginia. *Forrester v. U.S. Parole Commission,* 310 F. Supp. 2d 162, 171 (D.D.C. 2004) (concluding that "transferring [the plaintiff's] non-habeas" Privacy Act action was "not appropriate" due to the fact that the plaintiff had previously sought habeas relief).

⁴  In advancing dismissal under the "habeas channeling" argument, the defendants assert that the plaintiff's Privacy Act claims should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Def.'s Mot. at 3. Although some courts appear to have treated the "habeas channeling" issues under Rule 12(b)(1), *see Forrester*, 310 F. Supp. 2d at 171 (denying the plaintiff's motion "because the Court concludes that it lacks subject matter jurisdiction" over the plaintiff's Privacy Act claim), the court is persuaded that the weight of authority indicates that the appropriate legal basis for dismissal is under Rule 12(b)(6) for failure to state a claim upon which relief could be granted, *see, e.g.*, *Skinner v. U.S. Dep't of Justice*, 584 F.3d 1093, 1101 (D.C. Cir. 2009) (affirming the district court's dismissal of the plaintiff's claim for damages under the Privacy Act because "such a claim is not cognizable unless [the plaintiff] first secures relief through a writ of habeas corpus"); *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 377 (D.C. Cir. 2000) (affirming the district court's judgment that the plaintiff failed to state a claim by bringing a Privacy Act claim as opposed to a habeas petition); *Boyd v. U.S. Probation Dep't*, 2005 WL 607879, at *2 (D.D.C. Mar. 16, 2005) (dismissing the plaintiff's Privacy Act claims for failure to state a claim for similar "habeas channeling" reasons).

construes it, a *Bivens* claim[5] against the defendants. *See* Compl. at 2 (stating that the court's "[j]urisdiction is invoked pursuant to 42 U.S.C. [§] 1983"). A *Bivens* action is not available, however, where "Congress has put in place a comprehensive system to administer public rights, has 'not inadvertently' omitted damages remedies for certain claimants, and has not plainly expressed an intention that the courts preserve *Bivens* remedies." *Wilson v. Libby*, 535 F.3d 697, 710 (D.C. Cir. 2008) (quoting *Spagnola v. Matthis*, 859 F.2d 223, 228 (D.C. Cir. 1988)); *see also Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 768 (D.C. Cir. 1997) ("We will not infer a *Bivens* remedy where Congress has created "comprehensive procedural and substantive provisions giving meaningful remedies against the United States." (internal quotations and citation omitted). The Privacy Act serves as such a "comprehensive system" that prevents the court "from providing additional remedies under *Bivens*." *Wilson*, 535 F.3d at 707; *see also id.* at 710 ("[B]ecause Congress created a comprehensive Privacy Act scheme . . . we will not supplement the scheme with *Bivens* remedies.").

The plaintiff's entire complaint, including any *Bivens* claims, is based on the defendants' purported failure to maintain his records accurately. *See generally* Compl. Thus, to the extent that the plaintiff is asserting *Bivens* claims, those claims are "encompassed within the remedial scheme of the Privacy Act." *Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003); *see also Wilson v. Libby*, 535 F.3d 697, 710 (D.C. Cir. 2008); *Hurt v. Dist. of Columbia Court*

---

[5] The plaintiff asserts his claim against the federal defendants pursuant to § 1983. *See* Compl. at 2. Because a § 1983 claim is more appropriately brought against state as opposed to federal officials, the court construes the plaintiff's claim as a *Bivens* action, "the federal analog to suits brought against state actors under . . . § 1983." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *see also Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971) (permitting suits against federal actors for constitutional violations); *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (observing that "[t]he bodies of law relating to the two forms of litigation 42 U.S.C. § 1983 and *Bivens* have been assimilated in most respects" (internal quotations and citations omitted)).

9

*Servs. & Offender Supervision Agency*, 612 F. Supp. 2d 54, 56-57 (D.D.C. 2009) (dismissing the plaintiff's constitutional claims which were based on the defendants' alleged violation of the Privacy Act), *aff'd in relevant part sub nom. Hurt v. Cromer*, 2010 WL 604863, at *1-2 (D.C. Cir. Jan. 21, 2010) (per curiam); *Laterza v. Fed. Bureau of Prisons*, 2007 WL 1207181, at *2 (D.D.C. Apr. 24, 2007) ("Because the constitutional violations that plaintiff alleges are premised on BOP's maintenance of inaccurate records . . . the Privacy Act is his exclusive remedy."); *Mittleman v. U.S. Treasury*, 773 F. Supp. 442, 454 (D.D.C. 1991) (concluding that "courts should refrain from implying a *Bivens* remedy" to a plaintiff's claim regarding his records if those claims may be addressed by the Privacy Act). Accordingly, the court dismisses the plaintiff's *Bivens* claims pursuant to Rule 12(b)(6).

### 3. The Court Denies the Plaintiff's Motion to Amend His Complaint

In September 2010, the plaintiff filed a motion for leave to file an amended complaint, attaching his proposed amended complaint as an exhibit. *See generally* Mot. for Leave to File An Am. Compl., Ex. 1 ("Proposed Am. Compl."). In his proposed amended complaint, the plaintiff clarifies that he is asserting both a claim under 42 U.S.C. § 1983 for constitutional violations and a Privacy Act claim. *See generally* Proposed Am. Compl. Although the court has reviewed and considered the plaintiff's proposed amended complaint in resolving the defendant's motion for to dismiss, the proposed amended complaint fails to cure the deficiencies with the plaintiff's complaint as elaborated herein. *See supra* Part III.B.1-2. Accordingly, the court denies as futile the plaintiff's motion for leave to file an amended complaint. *See, e.g.*, James *Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) (holding that the court may deny a plaintiff's motion to amend complaint as futile if the amended complaint would not survive motion to dismiss).

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss and denies the plaintiff's motion to amend his complaint. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 18th day of March, 2011.


RICARDO M. URBINA
United States District Judge