UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| ERIC LEWIS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 10-0605 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 28 |
| | : | | |
| U.S. PAROLE COMMISSION *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

**DENYING THE PLAINTIFF'S MOTION FOR RELIEF UPON RECONSIDERATION; GRANTING LEAVE TO THE PLAINTIFF TO FILE A RENEWED MOTION FOR RELIEF UPON RECONSIDERATION**

### I. INTRODUCTION

This matter comes before the court on the *pro se* plaintiff's motion for relief upon reconsideration pursuant to Federal Rules of Civil Procedure 60(b) and 59(e). The plaintiff commenced this suit while he was incarcerated in a federal penitentiary. He alleges that various federal entities[1] are "maintain[ing] incorrect information in [his] inmate files" in violation of 42 U.S.C. § 1983 and the Privacy Act, 5 U.S.C. § 552a. The plaintiff argues that the defendants' failure to accurately maintain his records has caused the United States Parole Commission ("USPC") to unfairly deny him parole.

In March 2011, the court dismissed this suit after determining that the plaintiff's Privacy Act claim should have been raised in a habeas corpus petition and that the Privacy Act provided the proper vehicle for the plaintiff to bring his "§ 1983" claims or, more properly stated, his *Bivens* claims. In April 2011, the plaintiff moved for relief upon reconsideration under Rules

---

[1]   The defendants include the United States Parole Commission ("USPC"), the Federal Bureau of Prisons ("BOP"), the Superior Court of the District of Columbia ("Superior Court"), the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA") and the Federal Bureau of Investigation ("FBI").

59(e) and 60(b), arguing that the court made a clear error of law and applied the wrong standard in its prior analysis. Because the court concludes that it did not err in its previous ruling, the court denies the plaintiff's motion for relief upon reconsideration. In light of the plaintiff's release from prison in November 2011, however, the court grants the plaintiff leave to file a renewed motion for relief upon reconsideration pursuant to Rule 60(b)(5).

## II.  BACKGROUND

### A.  Factual Background

Until November 2011, the *pro se* plaintiff had been incarcerated at the Federal Correctional Institute in Petersburg, Virginia. *See* http://www.bop.gov/iloc2/LocateInmate.jsp (last visited December 11, 2011). The plaintiff served 201 months after being convicted in the Superior Court of the District of Columbia of robbery and possession of a firearm during a crime of violence. Compl., Ex. J.1; Defs.' Mot. at 1; Pl.'s Mot. for Recons., Ex. B. At the time that the plaintiff committed this robbery, he was already on parole for two separate bank robbery convictions, one arising in the Eastern District of Virginia and the other in the District of Maryland. Compl., Ex. J.1, L.1; *see also Lewis v. Stansberry*, 2009 WL 3616077, at *1 (E.D. Va. Oct. 30, 2009) (discussing the plaintiff's criminal history).

The USPC had denied the plaintiff parole in a number of parole hearings since 2002. *See generally* Compl. The plaintiff alleges that in deliberating whether to grant him parole, the USPC took into consideration inaccurate information regarding his criminal history. *See generally* Compl. Although far from a model of clarity, the plaintiff's complaint appears to indicate that the USPC considered the following erroneous information: (1) that the plaintiff was convicted in 1980 for carrying a dangerous weapon and was subsequently incarcerated for 200

days; (2) that the plaintiff was "under [probation's] supervision in 1981" for a heroin possession conviction; (3) that the plaintiff was convicted of robbery and use of a dangerous weapon in 1992 and (4) that the plaintiff had committed six bank robberies. *Id.* at 9-10, 12.

According to the plaintiff, the USPC relied on this information during his 2002, 2005 and 2008 parole hearings, all of which resulted in the plaintiff's denial of parole. *See generally id*. For instance, on March 4, 2005, the USPC held a parole hearing and determined that the plaintiff was "a more serious risk" due to his past violent criminal history, including "six Bank Robberies" and a 1992 armed robbery conviction. *Id.*, Ex. I. Likewise, on February 13, 2008, the USPC conducted yet another parole hearing and denied the plaintiff parole because it determined that he had "a history of committing violent offenses while under supervision," as he had "admitted . . . [to having] had committed six bank robberies." *Id.*, Ex. M. The plaintiff was finally granted parole on March 18, 2011, effective in November 2011. *See generally* Pl.'s Mot. for Recons., Ex. B.

### B.  Procedural History

In April 2010, the plaintiff commenced this action, asserting that the "[USPC's] acceptance of and reliance on allegedly inaccurate information contain[ed] in files on him has adversely [a]ffected his ability to be judge[d] fairly at parole hearings in 2002, 2005 and 2008." Pl.'s Opp'n to Defs.' Mot. to Dismiss at 3. The plaintiff's complaint alleges that the defendants have deliberately maintained inaccurate files in violation of the Privacy Act and the Constitution, and he therefore seeks $10,000,000 in damages. Compl. at 2.

Soon thereafter, the defendants filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. The defendants argued that the plaintiff was required to raise his claims in a habeas petition as opposed to the instant action. *See generally* Defs.'

3

Mot. to Dismiss. According to the defendants, the plaintiff's Privacy Act claims were essentially challenges to the duration of his prison confinement and, as such, his exclusive remedy exists in the form of a petition for writ of habeas corpus. *Id*. at 6-9. The defendants further argued that because a prisoner is required to file a habeas petition in the district court where he is incarcerated, this court lacks jurisdiction. *Id.* at 7.

The plaintiff submitted that under the Supreme Court's decision in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), a habeas petition was not his exclusive remedy. Pl.'s Opp'n to Defs.' Mot. to Dismiss at 4. The plaintiff further contended that even if this court construes his claim as one for habeas relief, this court maintains jurisdiction over such a habeas claim because the court is the "district of his conviction." *Id.*

In analyzing the parties' competing arguments, the court determined that under the applicable law of this Circuit, it was required to dismiss the plaintiff's Privacy Act claims if the plaintiff's success on those claims "would increase his chances of obtaining a sentence reduction."[2] Mem. Op. (Mar. 18, 2011) at 6. The court recognized that although the Supreme Court had rejected the application of this "probalistic standard" in analyzing the claims brought by state prisoners, the Circuit had expressly "affirmed the probabilistic standard for federal prisoners." *Id.* (quoting *Davis III v. Fed. Bureau of Prisons*, 334 F. App'x 332, 333 (D.C. Cir. 2009) (per curiam). Ultimately, the court dismissed the plaintiff's Privacy Act claims without prejudice under Rule 12(b)(6) because those claims "should have been brought as a petition for

---

[2] As an alternative to dismissal, the court noted that it could have transferred the case to the district court that would have jurisdiction over the plaintiff's potential habeas petition. Mem. Op. (Mar. 18, 2011) at 7. The court ultimately declined to transfer the case because the plaintiff had advanced in previous habeas petitions the same factual claims that he was asserting in this case. *Id.* at 8 n.3 (taking judicial notice of the plaintiff's prior habeas petitions in the Eastern District of Virginia and Northern District of New York).

writ of habeas corpus."

The court dismissed the matter on March 19, 2011. On April 8, 2011, the plaintiff filed a motion for relief upon reconsideration of the court's dismissal order pursuant to Rules 59(e) and 60(b). With the plaintiff's motion ripe for consideration, the court turns to the parties' arguments and the applicable legal standards.

### III.  ANALYSIS

#### A.  Legal Standard for Rule 59(e) Motion

Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed within twenty-eight days of the entry of the judgment at issue. FED. R. CIV. P. 59(e). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). A Rule 59(e) motion "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone*, 76 F.3d at 1208). Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier, *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

### B. Legal Standard for Rule 60(b) Motion

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of the reasons set forth in Rule 60(b). FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986). As relevant here, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Further, the court may grant relief if the "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." FED. R. CIV. P. 60(b)(5). A party proceeding under Rule 60(b)(1) must file his or her motion within one year after the judgment at issue, whereas a party relying on Rule 60(b)(5) may file his or her motion within a reasonable time. FED. R. CIV. P. 60(c)(1). The party seeking relief from a judgment bears the burden of demonstrating that he or she satisfies the prerequisites for such relief. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

### C. The Court Denies the Plaintiff's Motion for Relief Upon Reconsideration

#### 1. The Court Did Not Err in Applying *Davis III* to this Matter

The plaintiff argues that the court erred in relying on a flawed Circuit decision, namely *Davis III*, 334 F. App'x at 333. *See* Pl.'s Mot. for Recons. at 1. Specifically, the plaintiff asserts that the Circuit panel in *Davis III* relied on case law that is no longer valid in light of the

Supreme Court's decision in *Wilkinson v. Dotson*, 544 U.S. 74 (2005).[3] *See id.* at 5-6 (arguing that the *Davis III* court erred because "the force of [*Wilkinson*'s] reasoning applied equally to federal prisoners").

The defendants argue that the plaintiff's arguments are "reassertions of his previously lodged legal theory and improper for a Rule 59(e) motion." Defs' Opp'n at 5. The defendants observe that the court's March 2011 opinion "directly cited and analyzed" *Wilkinson* and was therefore "fully aware of the Plaintiff's legal argument." *Id.* Similarly, the defendants contend that relief would be inappropriate under Rule 60(b)(1) because "none of [the plaintiff's] arguments establish that the Court erred in dismissing his Complaint." *Id.* at 6.

Under Rule 59(e), the court may alter or amend its past ruling if there is a "need to correct a clear legal error or prevent manifest injustice." *Ciralsky*, 355 F.3d at 671. The court also assumes *arguendo* that Rule 60(b)(1) similarly provides for relief for a judicial error.[4] Accordingly, the court turns to inquire whether it committed a legal error in its March 2011 opinion.

---

[3] Additionally, the plaintiff argues in his motion for relief upon reconsideration that "[b]ecause parole decisions are entirely discretionary, . . . there is no guarantee that Plaintiff would be released any earlier had he prevailed on his claims." Pl.'s Mot. at 2. The plaintiff, however, never raised this argument in opposing the defendants' motion to dismiss. *See generally* Pl.'s Opp'n to Defs.' Mot. to Dismiss. Accordingly, it would not be appropriate for the court to consider these arguments now, and the court declines to do so. *Munoz v. Bd. of Trs.*, 730 F. Supp. 2d 62 (D.D.C. 2010) (holding that a "plaintiff cannot use a Rule 60(b)(1) motion to raise a new theory or argument").

[4] Although the majority of circuits allow a party to file a Rule 60(b)(1) motion for relief upon reconsideration for a judicial mistake of the law, not all circuits agree that Rule 60(b)(1) is a proper procedural vehicle to address judicial mistakes. *See Fisher v. Kadant, Inc.*, 589 F.3d 505, 513 n.5 (1st Cir. 2009) (noting that a mistake of law cannot be regarded as a "mistake" within the purview of Rule 60(b)(1)); *McKnight v. U.S. Steel Corp.*, 726 F.2d 333, 338 (7th Cir. 1984) (holding that the appropriate mechanism for addressing mistakes of law is the appeal process, and that Rule 60(b)(1) does not apply).

In its prior ruling, the court observed that under *Davis III*, "[a] federal prisoner must bring [his Privacy Act] claim in habeas, if success [on the claim] would have a 'probabilistic' effect on the duration of his custody." Mem. Op. (Mar. 18, 2011) at 6 (quoting *Davis III*, 334 F. App'x at 333). The court acknowledged that the Supreme Court had "rejected the application of the 'probabilistic standard' for state prisoners' claims" under *Wilkinson v. Dotson*. *Id.* at 7. Nevertheless, the court also correctly noted that under *Davis III*, the Circuit has "expressly 'affirmed the probabilistic standard for federal prisoners.'" *Id.* (quoting *Davis III*, 334 F. App'x at 332). Thus, it appears that this court's prior ruling thoroughly addressed the plaintiff's arguments regarding *Wilkinson*. *See generally* Pl.'s Mot. for Recons.

Yet the plaintiff remains adamant that *Davis III* should not be followed because it is in clear violation of *Wilkinson*. Pl.'s Mot. for Recons. at 5-6 (arguing that the *Davis III* court erred in relying on *Razzoli* because "the force of [*Wilkinson*'s] reasoning applied equally to federal prisoners"). The court, however, is bound by the Circuit's decision in *Davis III*, which was issued after and considered the *Wilkinson* decision. Accordingly, the court concludes that its previous application of the probabilistic standard to the plaintiff's claims does not constitute clear legal error under Rules 59(e) or 60(b)(1). *See Sturdza v. United Arab Emirates*, 406 Fed. App'x 494, 495 (D.C. Cir. 2011) (observing that "the district court could not have granted a Rule 60(b) motion on grounds that this court had already rejected").

### 2. The Court Did Not Err in Determining That It Lacked Jurisdiction Over the Plaintiff's Potential Habeas Claim

The plaintiff further argues that the court committed clear legal error in determining that it lacked jurisdiction over the plaintiff's potential habeas claim. Pl.'s Mot. for Recons. at 5. According to the plaintiff, this court maintains jurisdiction, as it is "the district court for the

district within which the court was held which convicted and sentenced him." *Id.* The defendants provide no response to the plaintiff's argument regarding jurisdiction. The defendants submit that "due to the plaintiff's drafting technique," they were "not in a position to comprehend completely the particular affirmative substantive arguments incorporated in Plaintiff's *pro se* Rule 59(e) motion." Defs.' Opp'n to Pl.'s Mot. at 5.

It is a bedrock principle that "habeas 'does not act upon the prisoner . . . but the person who holds him in what is alleged to be unlawful custody.'" *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 812 (D.C. Cir. 1988). "[T]he law of this circuit is clear that '[a] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner,'" or rather the warden of the facility in which the prisoner is held. *Id.* at 810-11 (citing *Guerra v. Meese*, 786 F.2d 414, 415 (D.C. Cir. 1986)). This rule fully applies to District of Columbia offenders. *Doughty v. United States Bd. of Parole*, 782 F. Supp. 653, 657 (D.D.C. 1992) (observing that notwithstanding the unique situation of D.C. code offenders, the Circuit "evidenced no inclination to carve out an exception").

As the court noted in its March 2011 opinion, the court lacks personal jurisdiction over the warden of the Federal Correctional Institute in Petersburg, Virginia, where the plaintiff had been incarcerated. Mem. Op. (March 18, 2011) at 7. Accordingly, the plaintiff fails to identify a clear legal error with respect to the court's earlier conclusion that it did not have personal jurisdiction over the plaintiff's potential habeas corpus claim.

### 3. The Court Did Not Err in Construing the Plaintiff's § 1983 Claims as *Bivens* Claims

The plaintiff argues that "it is a clear error of law to construe Plaintiff['s] 42 U.S.C. § 1983 action as a *Bivens* [claim]." Pl.'s Mot. at 6. The defendants do not respond to this

argument.  *See generally* Defs.' Opp'n.

The court previously construed the plaintiff's claims under § 1983 as *Bivens* claims. Mem. Op. (Mar. 18, 2011) at 9 n.5.  As noted in its March 2011 decision, a *Bivens* action is "the federal analog to suits brought against state actors under . . . § 1983." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *see also Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971) (permitting suits against federal actors for constitutional violations).  The plaintiff's complaint charges federal actors, not state actors, with violating the Constitution by maintaining inaccurate records.  *See* Compl. at 2.  As such, the court did not err in construing the plaintiff's purported § 1983 claims as a *Bivens* action.

### 4. The Court Grants the Plaintiff Leave to File a Renewed Motion for Relief Upon Reconsideration

Subsequent to filing his motion for relief upon reconsideration, the plaintiff filed a "motion for leave to file an amended complaint."  *See generally* Pl.'s Mot. for Leave to Amend. It appears that this four-sentence motion is actually a request by the plaintiff to amend his motion for relief upon reconsideration.  *See generally id.*  In it, the plaintiff requests relief upon reconsideration because of "new evidence."  *Id.*  More specifically, he argues that evidence of his projected November 2011 release date "may be enough to remove the probabilistic impact, habeas channeling standard."  *Id.*

In response, the defendants argue that habeas is the exclusive remedy, notwithstanding the November 2011 release date, because the plaintiff's "success on his claim would have a probabilistic impact on the duration of his custody."  Defs.' Opp'n at 7.  The defendants assert that "the existence of a date specific for parole does not lessen the chance that removing the convictions from Plaintiff's record would likely result in a lessened term of incarceration."  *Id.* at

10

7-8. The defendants therefore conclude that the plaintiff's projected November 2011 release date "is not of such importance that it would have changed the outcome of the Court's [March 2011] decision." *Id.* at 8.

Under Rule 60(b)(5), "the court may relieve a party . . . from a final judgment, order or proceeding [if] . . . it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b)(5). "A movant under Rule 60(b)(5) must demonstrate 'changed circumstances' since the entry of the judgment from which relief is sought." *Pigford v. Johanns*, 416 F.3d 12, 24 (D.C. Cir. 2005) (citing *Rufo v. Inmates of the Suffolk County Jail*, 502 U.S. 367, 383 (1992)).

As already discussed, a federal prisoner seeking to assert a Privacy Act claim "must bring [such] a claim in habeas, if success [on the claim] would have a 'probabilistic' effect on the duration of his custody." *Davis III*, 334 F. App'x at 333. Considering the plaintiff's recent release from prison, it does not appear that his success on his Privacy Act claims would likely have an impact on the duration of his custody. It is also not clear whether the plaintiff's release may have mooted the plaintiff's action.

Because the parties have not provided the court sufficient briefing on these issues and because what limited briefing the parties did provide was put forth before the plaintiff's release, the court refuses to make any determinations at this juncture. The court will, however, allow the plaintiff to file a renewed motion for relief upon reconsideration laying forth his arguments for why the court should provide relief upon reconsideration pursuant to Rule 60(b)(5). The briefing schedule for such a renewed motion will be laid out in full in the Order accompanying this Memorandum Opinion.

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for relief upon reconsideration. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 20th day of January, 2012.

RICARDO M. URBINA<br>
United States District Judge