UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERIC LEWIS,                            :
                                       :
           Plaintiff,                  :
                                       :
     v.                                :      Civil Action No. 10-0605 (RWR)
                                       :
U.S. PAROLE COMMISSION, *et al.*,      :
                                       :
           Defendants.                 :

**MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiff's renewed Motion for Reconsideration [Dkt. #37].[1] For the reasons discussed below, the motion will be denied.

I. BACKGROUND

The plaintiff alleges that the United States Parole Commission ("Commission"), among other entities, violates the Privacy Act, *see* 5 U.S.C. § 552a, by maintaining incorrect information in its records pertaining to him on which it relied to deny him parole in 2002, 2005 and 2008.[2] According to the plaintiff, the Commission's records erroneously reflect:

> (1) that the plaintiff was convicted in 1980 for carrying a dangerous weapon and subsequently held for 200 days; (2) that the plaintiff was "under [probation's] supervision in 1981" for a heroin possession conviction; (3) that the plaintiff was convicted of robbery and use of a dangerous weapon in 1992 and (4) that the plaintiff had committed six bank robberies.

---

[1] The plaintiff's Motion for Leave to Amend [Dkt. #43], which requests correction of the caption of his renewed Motion for Reconsideration [Dkt. #37] to include the initials of the judge to whom this case was reassigned on April 23, 2012, will be granted.

[2] The plaintiff's civil rights claims under 42 U.S.C. § 1983, construed as claims under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), have been dismissed. *See Lewis v. U.S. Parole Comm'n*, 770 F. Supp. 2d 246, 251-52 (D.D.C. 2011), *recons. denied*, 841 F. Supp. 2d 56, 63 (D.D.C. 2012).

1

*Lewis v. U.S. Parole Comm'n*, 770 F. Supp. 2d 246, 247 (D.D.C. 2011).  The Commission's parole decisions indicate that the plaintiff's criminal history, including the 1992 armed robbery and the six bank robberies, was a significant factor in denying parole.  *See* Compl., Ex. J-1-J.2 (Hearing Summary dated February 13, 2008), L.1-L.3 (Reconsideration Hearing (converted to 2.80 GL) Prehearing Assessment dated January 25, 2005), & P.1-P.2 (D.C. Initial Prehearing Assessment dated December 12, 2001).

It appeared that the plaintiff's Privacy Act claims were based on the notion that the Commission's reliance on the alleged erroneous information led to the denial of parole, such that correction of the information, in effect, would reduce the length of time he spent in prison.  *Lewis*, 770 F. Supp. 2d at 250.  The plaintiff's success, then, would have had a "probabilistic impact" on the duration of his custody.  *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 373 (D.C. Cir. 2000).  Under these circumstances, the plaintiff's claims should have been brought in a petition for a writ of habeas corpus, *see Davis v. Fed. Bureau of Prisons*, 334 Fed. App'x 332, 333 (D.C. Cir. 2009) (per curiam), not in a civil action under the Privacy Act, *see Wilson v. Libby*, 535 F.3d 697, 705 (D.C. Cir. 2008) (noting that the Privacy Act precludes creation of a remedy where the Act already provides "a comprehensive remedial scheme").  "Because the plaintiff's . . . claim should have been brought as a petition for writ of habeas corpus, the court determine[d] that the plaintiff has failed to state a cognizable claim and dismisse[d] the plaintiff's Privacy Act claim without prejudice."  *Lewis*, 770 F. Supp. at 250-51.

Plaintiff now moves for reconsideration under Rule 60(b)(5) of the Federal Rules of Civil Procedure.  The plaintiff was released from prison in November 2011, and now argues that he may assert his Privacy Act claims because his success on these claims no longer would have a

probabilistic effect on the length of his custody.   In consideration of the plaintiff's motion and defendant's opposition, the motion will be denied.

## II.  DISCUSSION

"On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding . . . [if]. . . applying [the judgment] prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).  A party may be entitled to relief under Rule 60(b)(5) if he shows that there has been "a significant change either in factual conditions or in law." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992).  The plaintiff relies on his release from imprisonment as a significant change in factual conditions.  He appears to argue that application of the judgment dismissing his Privacy Act claims is no longer equitable because the claims have not been addressed on the merits, *see* Mot. for Recons. at 2, and because the Commission may rely on the same inaccurate information in the future if he "end[s] up being a parole violator," *id.* at 3.  The Commission argues that the plaintiff's claims are moot or, alternatively, that the plaintiff fails to justify relief under Rule 60(b)(5).  *See generally* Defs.' Opp'n to Pl.'s Renewed Mot. for Recons. [Dkt. #40].

A claim is moot if "there is no reasonable expectation . . . that the alleged violation will recur," and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Cnty. of Los Angeles v. Davis,* 440 U.S. 625, 632 (1979) (citations omitted).  The plaintiff "was given an effective parole date of 11-28-11," Mot. for Recons. [Dkt. #28] ¶ 13, and, according to the BOP's Inmate Locator, *see* http://www.bop.gov/iloc2/InmateInmate.jsp, he was indeed released on that date.  Notwithstanding any alleged inaccuracy in the Commission's records pertaining to the plaintiff and his criminal history, it cannot be said that the Commission used that information as a basis for reaching a decision adverse to plaintiff, that is, to deny his

most recent application for parole.  The plaintiff no longer suffers, nor stands to suffer, an actual injury traceable to the Commission that can be redressed by a favorable judicial decision.  *See Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (stating that an appeal must be dismissed "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party") (internal quotation marks and citation omitted); *Kimberlin v. U.S. Parole Comm'n*, No. 03-5017, 2004 WL 885215 at *1 (D.C. Cir. Apr. 22, 2004) (finding moot a habeas petition challenging Commission's decisions to revoke parole and to delay reparole because petitioner had been "released from the confinement imposed as a result of those decisions").  The plaintiff has achieved his principal goal – release on parole – and his release renders his claims moot.  *See Gibbs v. Brady*, 773 F. Supp. 454, 457 (D.D.C. 1991) (dismissing employee's claim for reinstatement to Senior Executive Service position by agency's "voluntary corrective action" which provided her "with the same relief as court-ordered reinstatement would have provided").

### III.  ORDER

Accordingly, it is hereby

ORDERED that the plaintiff's Motion to Amend [Dkt. #43] is GRANTED; and it is

FURTHER ORDERED that the plaintiff's renewed Motion for Reconsideration [Dkt. #37] is DENIED.

SO ORDERED.

Signed this 31st day of August, 2012.

/s/_____
RICHARD W. ROBERTS
United States District Judge

4